UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael A. Lunsford, | ) | C/A: 9:15-3513-DCN-BM |
| *a/k/a Michael Andre Lunsford,* | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Det. Muirheid, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Michael Andre Lunsford, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time of the alleged incidents he was a pretrial detainee at the Charleston County Detention Center (CCDC). He is currently housed at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se

complaint to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

Plaintiff writes that the issues he is attempting to litigate are deliberate indifference, discrimination, violations of the Fourteenth Amendment, violations of his equal protection rights, and police misconduct ("failure to protect and serve as sworn"). <u>Complaint</u>, ECF No. 1 at 2. Plaintiff alleges that on March 19, 2014, Defendant Muirheid, a detective with the Charleston County Sheriff's Department (CCSD), transported him from the CCDC to the CCSD to question Plaintiff concerning the alleged sexual assault of another detainee at the CCDC. Plaintiff claims that Muirheid seemed determined to force Plaintiff to confess to a crime, the interview/investigation constituted malicious intentional infliction of emotional distress based on Defendant's yelling and "surreptitious" behavior, and he felt that his "life was in danger by this police misconduct by [Defendant] improperly restraining and attempting to initiate a criminal case..." <u>Complaint</u>, ECF No. 1 at 3. Plaintiff states that after Defendant reviewed security camera footage, it was discovered that Plaintiff never left his bunk to attack/assault the accusing detainee. Thereafter, Defendant discontinued the investigation,



cleared Plaintiff of the charges that evening,[1] and returned Plaintiff to the CCDC. He claims that he attempted to press charges against his accuser, but Defendant would not talk about the case anymore and Plaintiff was told to "shut up." Plaintiff claims that two other detainees said Muirheid asked them if they would "lie on" Plaintiff if Muirheid let them out of jail early, to which one of the other detainees said "no." Plaintiff claims he filed grievances at CCDC, but the grievances were ignored. Plaintiff states that his accuser "some how got out of jail and is back on the streets," but later states that his accuser is at SCDC. Complaint, ECF No. 1 at 3-6. Plaintiff requests that this Court direct Defendant to serve an arrest warrant and bring charges against the accuser. He also asks for monetary damages. Id. at 6.

With respect to Plaintiff's equal protection claim, to state a claim for an equal protection violation in a prison setting, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). To meet this requirement, plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). Here, Plaintiff fails to allege that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discrimination based on any protected factor, such as race. Rather he merely makes conclusory claims that his equal protection rights were violated. Plaintiff has therefore failed to set forth a viable equal protection claim. Dickson v.

---

[1]Plaintiff has not alleged that charges were ever filed against him as to the alleged assault/sexual assault.



3

Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].

Plaintiff also alleges that his due process rights were violated based on Detective Muirhead's actions in investigating Plaintiff for the alleged sexual assault. First, he claims that the Defendant's actions constituted intentional infliction of emotional distress, for which Plaintiff sought mental health treatment. However, there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). This is true whether a plaintiff is a free citizen or an incarcerated individual. See, e.g., Mitchell v. Cannon, C/A No. 2:07–3259–PMD–BM, 2009 WL 824202, at *18 (D.S.C. March 26, 2009); Lynch v. Falsely, C/A No. 3:09–81–CMC–JRM, 2009 WL 398073, at *3 (D.S.C. Feb.17, 2009). Plaintiff should seek relief in state court for any such claim.

Second, to the extent Plaintiff is alleging that the Defendant violated his constitutional rights by yelling at him to intimidate him, verbal abuse, without more, also fails to state a claim under § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)[disrespectful and assaultive comments did not violate Eighth Amendment]; McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)[verbal threats and name calling are usually not actionable under § 1983]; Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992). Plaintiff has set forth no factual allegations to support his general and conclusory claims that Muirheid's questioning of him put his life in danger. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)[Noting that sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim]; Jean–Laurent v. Wilkerson, 438 F.Supp.2d 318, 324–25



4

(S.D.N.Y. 2006)[pretrial detainee's claim of verbal abuse not cognizable under § 1983 because verbal intimidation did not rise to the level of a constitutional violation]; <u>Lamb v. Hutto</u>, 467 F. Supp. 562 (E.D.Va. 1979)[verbal assaults and threats do not state a constitutional claim actionable under § 1983]. Again, Plaintiff should seek relief for any such claim, if at all, in state court.

Plaintiff also alleges that the Defendant violated his rights by failing to initiate criminal charges against Plaintiff's accuser, and requests that this Court direct Defendant Muirheid to serve an arrest warrant and bring criminal charges against Plaintiff's accuser. However, an individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or non-prosecution of another person. <u>See Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; <u>Diamond v. Charles</u>, 476 U.S. 54, 64–65 (1986) [applying <u>Linda R.S. v. Richard D.</u> and collecting cases]; <u>Collins v. Palczewski</u>, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"]; <u>Lopez v. Robinson</u>, 914 F.2d 486, 494 (4th Cir. 1990)["No citizen has an enforceable right to institute a criminal prosecution"]. Therefore, this allegation fails to set forth a viable federal claim.

Plaintiff further alleges that he filed grievances at CCDC concerning the alleged incident, but he was "totally ignored." ECF No. 1 at 4. However, Muirheid is not alleged to be the person responsible for handling grievances at the Detention Center, and Plaintiff has not named any of the persons who he submitted grievances to or who allegedly ignored his requests as defendants to this action. In any event, it is well-settled that prisoners have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. <u>See Adams v.</u>



5

Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also Smith v. Ray, 36 F. App'x 99 (4th Cir. 2002)

["[A]ccess to the grievance procedure is not a constitutionally protected right[.]"]; Oliver v. Myers,

No. 7:08–CV–558, 2008 WL 5212409, at *4 (W.D.Va. Dec. 12, 2008) [stating that "because state

grievance procedures are separate and distinct from state and federal legal procedures, an institution's

failure to comply with state grievance procedures does not compromise its inmates' right of access

to the courts"], appeal dismissed, 335 F. App'x 317 (4th Cir. 2009).  Simply because a state or local

authority chooses to establish an inmate grievance system, that choice does not confer a substantive

constitutional right on prison inmates.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Hence, if corrections officials fail to properly apply an inmate grievance procedure, such failure is

not actionable under § 1983.  See Spencer v. Moore, 638 F. Supp. 315, 316 (E.D.Mo. 1986); Lewis

v. Williams, Nos. 05-13, 05-51, 05-52, 2006 WL 538546 at * 7 (D.Del. Mar. 6, 2006)["[T]he failure

to investigate a grievance does not raise a constitutional issue."].

        Additionally, all of Plaintiff's allegations against Muirheid involve actions he took as

a Sheriff's Deputy, and as an employee of the CCSD, Muirheid is entitled to Eleventh Amendment

immunity as to monetary claims against him in his official capacity.  Sheriff's Departments in South

Carolina are state agencies, not municipal departments; see Edwards v. Lexington Cnty. Sheriff's

Dep't, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ["[U]nder South Carolina law, the sheriff and sheriff's

deputies are State, not county, employees."]; Allen v. Fid. and Deposit Co., 515 F. Supp. 1185,

1189–91 (D.S.C. 1981) [County cannot be held liable for actions of deputy sheriff because deputy

sheriffs serve at pleasure of the Sheriff, not the County], aff'd, 694 F.2d 716 (4th Cir. 1982) [Table];

Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [suit against Sheriff of Greenville County:

". . . Sheriff Brown is an arm of the State."]; and the Eleventh Amendment to the United States



6

Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities,[2] by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

---

[2]A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).



While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. To the contrary, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Finally, Plaintiff may be attempting to assert a claim under South Carolina law for intentional infliction of emotional distress. However, to the extent Plaintiff has alleged claims under state law, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action appear to be residents of South Carolina (see ECF No. 1 at 2), so



8

diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

October **15**, 2015
Charleston, South Carolina

9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

